# The Atkin Firm, LLC

Attorneys at Law

55 Madison Avenue, Suite 400
Morristown, NJ 07960

400 Rella Boulevard, Suite 165
Suffern, NY 10901

By: John C. Atkin, Esq.*
  ---
* Member of NJ, NY, and PA Bar

Tel: (973) 314-8010
Fax: (833) 693-1201
Email: JAtkin@atkinfirm.com

August 19, 2021

**VIA ECF**

Hon. André M. Espinosa, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

   Re: **Strike 3 Holdings, LLC v. John Doe Subscriber assigned IP address 96.242.53.79**
      **Dkt. No. 2:21-cv-15681-WJM-AME**

Judge Espinosa:

  I represent Plaintiff Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") in the above-referenced matter. Pursuant to Your Honor's Standing Order, Strike 3 respectfully requests permission to file a motion for leave to serve a third party subpoena prior to the Rule 26(f) conference subject to a protective order.

  This is a BitTorrent copyright infringement matter. Because Defendant used the Internet to commit the alleged infringement, Strike 3 only knows Defendant by his or her Internet Protocol ("IP") address, which was assigned to Defendant by his Internet Service Provider ("ISP"). Defendant's ISP can identify Defendant by his or her IP address, but can only release this information pursuant to court order. *See* 47 U.S.C. § 551(c). Such an order is appropriate here to assist Strike 3 to litigate its claim of copyright infringement. *Strike 3 Holdings, LLC v. Doe*, 330 F.R.D. 552, 555 (D. Minn. 2019), *rev'g*, 329 F.R.D. 606 (D. Minn. 2018); *see CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002).

  Similarly, pursuant to Rule 26(d)(1), except for circumstances not applicable here, a party may not propound discovery in advance of a Rule 26(f) conference without a court order. "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted), *rev'g*, 351 F. Supp. 3d 160 (D.D.C. 2018) (Lamberth, J.). Courts within this District routinely apply the "good cause" standard to determine whether to permit limited early discovery in these matters. *Strike 3 Holdings, LLC v. Doe*, No. 18-12585, 2020 WL 3567282, *4 (D.N.J. June 30, 2020), *rev'g*, 2019 WL 5446239 (D.N.J. Oct. 24, 2019) (Schneider, J.).

At this stage, Strike 3 has stated a *prima facie* case of copyright infringement against the placeholder defendant in this matter. *Strike 3*, 964 F.3d at 1210; *Strike 3*, 2020 WL 3567282 at *5–6; *see also Kansas v. Glover*, 140 S. Ct. 1183, 1186–91 (2020). Strike 3's motion will show there is "good cause" for this Court to permit a limited third-party subpoena to be served on Defendant's ISP to learn his or her name and address. Strike 3 will use this information for the limited purpose of investigating whether it can further identify the infringer, beyond merely being the subscriber (or someone with sufficient access to the IP address during the period of infringement), amend its complaint accordingly, and serve that party with process. *See Strike 3*, 964 F.3d at 1211–12 (distinguishing *Cobbler Nevada LLC v. Gonzalez*, 901 F.3d 1142 (9th Cir. 2018) as applying only *after* early discovery is permitted in BitTorrent litigation); *Strike 3 Holdings, LLC v. Doe*, No. 19-10252, 2020 WL 5525549, at *4 (D.N.J. Sept. 14, 2020) (Hammer, J.) (same); *Strike 3 Holdings, LLC v. Doe*, No. 18-16593, 2019 WL 4745360, at *6 (D.N.J. Sept. 30, 2019) (Bongiovanni, J.) (same); *cf. Malibu Media, LLC v. Peled*, No. 18-141, 2020 WL 831072 (D.N.J. Feb. 20, 2020) (applying *Cobbler* to deny default judgment where amended complaint failed to further identify named defendant, beyond being the subscriber, *after* early discovery).

Without leave to obtain this "crucial evidence," it will be impossible for Strike 3 to further identify the infringer and serve them with process. *Strike 3*, 2020 WL 3567282 at *5 (quoting *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 818 (3d Cir. 1982)); *see also Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004) (noting that where discovery is sought that "would aid in the identification of responsible defendants or the lack thereof, district courts *should strongly consider granting it*.") (emphasis added). The denial of this request would be "not just," since it would result in Strike 3 suffering "a federal statutory wrong with no remedy." *Strike 3*, 2020 WL 3567282 at *11; *see Marbury v. Madison*, 5 U.S. 137, 163 (1803) ("[I]t is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit or action at law, whenever that right is invaded.") (citation omitted).

In addition to seeking leave to conduct limited early discovery, Strike 3's proposed order will include comprehensive protective provisions that "balance[] the Plaintiff's right to pursue its claims and the concomitant right of access to court proceedings enjoyed by the public with . . . legitimate privacy interests" of the defendant. *Strike 3*, 2020 WL 3567282 at *11. These proposed provisions will include requirements that Strike 3 (1) not publicly reveal Defendant's name or address (or that of any person associated with them), (2) seek to seal any documents containing that information, pursuant to L. Civ. R. 5.3(c); and (3) refrain from engaging in settlement negotiations with *pro se* parties except under supervision of the Court.

Accordingly, for the foregoing reasons Strike 3 respectfully requests permission to file a Motion seeking leave to file a third-party subpoena on Defendant's ISP prior to the Rule 26(f) conference subject to a protective order.

Thank you for your attention to this matter.

Respectfully submitted,

*/s/ John C. Atkin*

John C. Atkin, Esq.

2