UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STRIKE 3 HOLDINGS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**JOHN DOE subscriber assigned IP address 96.242.53.79,**<br><br>Defendant. | Civ. No.: 21-15681 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Strike 3 Holdings, LLC ("Strike 3") brings this action against Defendant John Doe subscriber assigned IP address 96.242.53.79 alleging copyright infringement of Plaintiff's motion pictures. Currently before the Court is Plaintiff's unopposed motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2). For the reasons set forth below, Plaintiff's motion is **GRANTED** and Plaintiff is awarded relief pursuant to the Order accompanying this Opinion.

**I.   BACKGROUND**

Strike 3 is the owner of original adult films that are registered with the United States Copyright Office. Am. Compl. ¶¶ 2, 45, 58, ECF No. 12. These films are distributed through Strike 3's subscription-based websites and DVDs. *Id.* ¶¶ 3, 13. Strike 3 also licenses its films to other broadcasters. *Id.* ¶ 13. Strike 3 alleges that Defendant infringed upon 27 of its works by downloading them and distributing them to others using the BitTorrent file network ("BitTorrent") in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. *Id.* ¶¶ 4, 57-62. Strike 3 specifically states that it used VXN Scan, an infringement detection system that it developed, to identify and capture Defendant's BitTorrent transactions sharing pieces of 27 digital media files. *Id.* ¶¶ 27-37. Strike 3 determined that these digital media files were identical or substantially similar to its copyrighted films. *Id.*

1

## II. PROCEDURAL HISTORY

Strike 3 initiated this action on August 19, 2021. Compl., ECF No. 1. Soon after, Strike 3 was granted leave to file a third-party subpoena on Defendant's internet service provider to obtain Defendant's name and address. Order, Sept. 28, 2021, ECF No. 7. On January 6, 2022, Strike 3 filed an Amended Complaint that identified the Defendant by name and address. Am. Compl., ECF No. 12. Service was effectuated on January 12, 2022. Return of Service, ECF No. 16. Defendant failed to answer or otherwise respond to the Amended Complaint, and at Strike 3's request, the Clerk entered default against Defendant on April 21, 2022. Pl.'s Req. for Default, ECF No. 22. On May 12, 2022, due to Defendant's continued failure to plead or otherwise defend the action, Strike 3 filed the instant motion for Default Judgment. Pl.'s Notice of Mot., ECF No. 28. Strike 3 seeks a permanent injunction enjoining Defendant from continuing to infringe Strike 3's films and requiring Defendant to delete the films in Defendant's possession, custody, or control. *Id.* at 2, ¶¶ 2-4. Strike 3 also requests statutory damages, costs, and post-judgment interest. *Id.* at ¶¶ 5-8. Defendant has again failed to respond.

## III. DISCUSSION

### A. Legal Standard

"Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action." *Dempsey v. Pistol Pete's Beef N Beer, LLC*, No. CIV. 08-5454, 2009 WL 3584597, at *2 (D.N.J. Oct. 26, 2009) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). While "the entry of a default judgment is left primarily to the discretion of the district court[,]" the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). As such, "prior to entering a judgment of default, a court must determine: (1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos*, 133 F. Supp. 3d 678, 683 (D.N.J. 2015) (footnote omitted).

The Court determines each of these considerations in turn. "In considering a motion for a default judgment under Rule 55(b)(2), a district court should accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x 189, 190 (3d Cir. 2017). "[T]he plaintiff must prove that he is entitled to the damages sought." *Id.*

### B. Jurisdiction, Service, and Venue

The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338. Because service was effectuated pursuant to New Jersey Court Rule 4:4-4(a)(1), *see* Return of Service, ECF No. 16, the Court also has personal jurisdiction over the Defendant. *See* Fed. R. Civ. P. 4(k)(1)(A); *Erwin v. Waller Cap. Partners, LLC*, No. 10-cv-03283, 2010 WL 4053553, at *3 (D.N.J. Oct. 14, 2010) ("Under New Jersey Court Rule 4:4-4(a), service within the State of New Jersey is sufficient to establish personal jurisdiction over a defendant."). Venue is proper pursuant to both 28 U.S.C. §§ 1400(a) and 1391(b)(1) and (2) because "Defendant resides in this District and a substantial part of the events giving rise to Plaintiff's claim occurred here[.]" *Strike 3 Holdings, LLC, v. Doe*, No. 21-15638, 2022 WL 14838018, at *3 (D.N.J. Oct. 26, 2022); *see* Am. Compl. ¶¶ 9-10.

In this District, "it is not enough for a plaintiff in a copyright infringement case to simply tie a defendant to an IP address." *Strike 3 Holdings, LLC v. Vokoun*, No. 20-cv-14321, 2022 WL 310201, at *3 (D.N.J. Feb. 2, 2022). Plaintiff has pleaded enough facts to sufficiently connect Defendant personally to the infringing BitTorrent activity by investigating Defendant's publicly available social media profiles and confirming that it demonstrates interests in adult film performers, including Alex Grey, who stars in Plaintiff's Works. Am. Compl. ¶¶ 54-56; *see, e.g., Media v. Rahuse*, No. 14-6976, 2015 WL 2231853, at *4 (D.N.J. May 11, 2015) (finding that Plaintiff sufficiently connected Defendant personally to evidence of BitTorrent use by investigating Defendant's publicly available social media profiles).

### C. Legitimate Cause of Action

Strike 3 alleges one count of copyright infringement and has pleaded sufficient facts to present a legitimate cause of action. "To show copyright infringement, a plaintiff must establish '(1) the ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Douglas v. Osteen*, 317 F. App'x 97, 99 (3d Cir. 2009) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). Plaintiff clearly asserts that it owns valid copyrights for the works at issue. *See* Am. Compl. ¶ 42, Ex. A (setting forth copyright information for each work at issue). Plaintiff also comprehensively alleges that Defendant copied original elements of its copyrighted works and sufficiently describes the manner by which the Defendant infringed upon these works. *See* Am. Compl. ¶¶ 31-34 (describing Plaintiff's identification and review of .torrent files that infringe upon Plaintiff's copyrighted works); Am. Compl. ¶¶ 27-31, 35-41 (describing Plaintiff's use of VXN Scan to download files from the Defendant via the BitTorrent network that have the same "Info Hash" value as the infringing .torrent files). As such, Plaintiff has sufficiently presented a legitimate cause of action for copyright infringement.

### D. Propriety of Default Judgment under *Chamberlain*

Because "the Complaint demonstrates a valid cause of action, the Court must then determine whether Plaintiff is entitled to default judgment." *Richardson v. Cascade Skating Rink*, No. CV 19-08935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020). "Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). All three of these factors weigh in favor of granting default judgment.

First, Strike 3 will be prejudiced absent a default judgment. Because the Defendant has not responded to Strike 3's claims, Strike 3 is "left with no other means to vindicate [its] claims." *United States v. Vo*, No. 15-6327, 2016 WL 475313, at *3 (D.N.J. Feb. 8, 2016). "Not entering default judgment would simply result in an interminable delay during which Defendant continues to violate Plaintiff's rights." *Strike 3 Holdings, LLC v. Vokoun*, No. 20-cv-14321, 2022 WL 310201, at *4 (D.N.J. Feb. 2, 2022).

Second, a meritorious defense is one that, "if established on trial, would constitute a complete defense to the action." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984). The Court cannot consider Defendant's defenses, if any exist, because the Defendant has failed to respond to this action. *See, e.g., Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-cv-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012). As such, "no meritorious defense presently exists with respect to deciding this motion for default judgment." *Vo*, 2016 WL 475313, at *3.

Third, the Court presumes that the Defendant is culpable due to its failure to respond to this action. *See, e.g., Joe Hand Promotions, Inc. v. Waldron*, No. CIV. 11-849, 2013 WL 1007398, at *4 (D.N.J. Mar. 13, 2013) ("[The] Defendants' failure to respond permits the Court to draw an inference of culpability on their part.").

Because all three *Chamberlain* factors weigh against the Defendant, the Court holds that Strike 3 is entitled to default judgment on its claim of copyright infringement. The Court must now assess remedies.

### E. Remedies

Strike 3 requests permanent injunctive relief, statutory damages, and costs. Pl.'s Notice of Mot. 2, ¶¶ 1-8. In a motion for default judgment, allegations relating to damages will not be taken as true. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) ("A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'").

4

### a. *Permanent Injunctive Relief*

Strike 3 seeks a permanent injunction to bar Defendant from continuing to infringe upon its copyrighted works and to require Defendant to delete and permanently remove copies of the works that Defendant has on computers under its possession, custody, or control. Pl.'s Notice of Mot. 2, ¶¶ 2-4.

Under the Copyright Act, district courts are authorized to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). Further, "[a]s part of a final judgment . . . , the court may order the destruction . . . of all copies . . . found to have been made or used in violation of the copyright owner's exclusive rights, and of all . . . articles by means of which such copies . . . may be reproduced." 17 U.S.C. § 503(b). To obtain a permanent injunction under § 502(a), "a plaintiff must demonstrate (1) irreparable harm; (2) the inadequacy of remedies at law, such as damages; (3) that the balance of hardships tips in plaintiff's direction; and (4) that the public interest is served." *Ottomanson, Inc. v. UCAI, LLC*, No. CV 19-8775, 2020 WL 205945, at *4 (D.N.J. Jan. 10, 2020) (citing *eBay v. MercExchange, LLC*, 547 U.S. 388, 393-94 (2006)); *see also TD Bank N.A. v. Hill*, 928 F.3d 259, 278 (3d Cir. 2019).

First, Plaintiff asserts that it has suffered irreparable harm because nothing other than an injunction "will prevent Defendant from continuing to infringe on Plaintiff's copyrighted works by distributing them to others using the BitTorrent protocol." Pl.'s Br. 24. Contrary to the case law cited by Plaintiff in support of this assertion, Pl.'s Br. 24-25, "irreparable harm can no longer be presumed based on continued infringement and a likelihood of success on the merits." *Hill*, 928 F.3d at 280 (citations omitted). However, "a 'substantial likelihood' of continuing infringement is [still] necessary to obtain permanent injunctive relief," *id.* (citations omitted), and Plaintiff's claim that Defendant will continue its infringement is "a credible assertion given [Defendant's] failure to respond to the complaint[,]" *Malibu Media, LLC v. Funderburg*, No. 1:13-CV-02614, 2015 WL 1887754, at *4 (N.D. Ill. Apr. 24, 2015). Additionally, "due to the nature of BitTorrent, tracing the extent and magnitude of the damage is impossible." *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-01173, 2019 WL 1277561, at *7 (N.D. Cal. Mar. 20, 2019). Irreparable harm has been found where, as here, the defendant failed to respond to plaintiff's claims and where the plaintiff was unable to ascertain the amount of past damages and continuing infringements. See *Ottomanson, Inc.*, 2020 WL 205945, at *4 (noting that irreparable harm is no longer presumed in copyright cases but granting permanent injunction "in the specialized context of a default judgment" where "[t]he defendant has declined to answer or respond, and the plaintiff cannot ascertain even its past damages, let alone the fact or amount of continuing infringements"). As such, the Court finds that Strike 3 has suffered an irreparable harm.

Second, "because there is a significant risk that Defendant will continue to infringe without an injunction and because the harm is ongoing and not past in nature, monetary

5

damages are not enough." *Strike 3 Holdings, LLC v. Vokoun*, No. 20-cv-14321, 2022 WL 310201, at *5 (D.N.J. Feb. 2, 2022).

Third, the balance of hardships tips in Plaintiff's direction because "[t]he only hardship imposed upon the Defendant [by an injunction] is that they obey the law." *Malibu Media, LLC v. Toshi Yamada*, No. CV171183, 2019 WL 1586813, at *3 (D.N.J. Apr. 12, 2019) (first alteration in original) (citation and internal quotation marks omitted).

Fourth, members of the public will not be harmed by the issuance of a permanent injunction because they can still "access Plaintiff's copyrighted works by purchasing access through legal channels." *Vokoun*, 2022 WL 310201, at *5 (citing *Hill*, 928 F.3d at 285).

Accordingly, Strike 3 is entitled to the injunctive relief it has requested.

### b. Minimum Statutory Damages

Strike 3 requests statutory damages in the amount of $20,250.00, or $750.00 per infringement, which is the minimum statutory award under 17 U.S.C. § 504(c)(1). Pl.'s Br. 25-27. "[W]hen liability is established through default judgment rather than the merits, courts routinely award the minimum statutory damages amount." *Malibu Media, LLC v. Tsao*, No. CV 15-6672, 2016 WL 3450815, at *4 (D.N.J. June 20, 2016). The Court finds that the requested relief is just and accordingly awards $20,250.00 in statutory damages to Strike 3. *See id.* at *5 (collecting cases and finding an award of $750.00 per infringement to be "appropriate, reasonable, and [sufficient to] deter future infringements from Defendant as well as compensate Plaintiff").

### c. Statutory Filing Fee and Service Costs

Plaintiff also seeks recovery of costs under 17 U.S.C. § 505. Plaintiff has submitted documentation of $507.00 in costs that it has incurred in relation to this action—specifically certifying that it has paid $402.00 in filing and administrative fees and $105.00 in service costs. Pl.'s Br. 27; Atkin. Cert. ¶ 22-23, Ex. A, ECF No. 28-2. The Court finds that these costs are reasonable and awards Strike 3 costs in the amount of $507.00. *See Tsao*, 2016 WL 3450815, at *5 (approving plaintiff's request for costs where the costs were reasonable and the defendant did not respond to the action).

### F. Defendant's Identity

Plaintiff asks the Court to unseal documents filed under temporary seal in this matter and to identify Defendant by name and address so that Plaintiff may enforce the judgment. Pl.'s Br. 29. However, Plaintiff "takes no position" on whether the documents that have been permanently sealed in this case—the Amended Complaint, ECF No. 12, and the Return of Service, ECF No. 16—should be unsealed. Pl.'s Br. 29. The Defendant has not appeared or otherwise responded to this action, and consequently has not met its burden to

demonstrate "both (1) a fear of severe harm [from proceeding non-anonymously], and (2) that the fear of severe harm is reasonable." *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citation and internal quotation marks omitted); *see Strike 3 Holdings, LLC v. Doe*, No. 20-cv-14321, 2021 WL 7286225, at *4 (D.N.J. Dec. 22, 2021) ("Since Defendant has not asserted any interest in remaining anonymous, the Court has no basis to conclude that this case presents exceptional circumstances that warrant proceeding anonymously."). Further, the Defendant has not been able to "'articulate the compelling, countervailing interests to be protected' [that is required] to maintain the seal over the parts of the record that personally identify him." *Strike 3 Holdings, LLC v. Doe*, No. 21-15638, 2022 WL 14838018, at *7 (D.N.J. Oct. 26, 2022) (quoting *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 678 (3d Cir. 2019)). The Clerk of Court will accordingly be directed to remove the pseudonym in the case caption to identify the Defendant by name and unseal the documents previously sealed in this action.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff Strike 3's motion for default judgment is **GRANTED**. An appropriate order follows.

_____
WILLIAM J. MARTINI, U.S.D.J.

**Date: November 3, 2022**